Read, Judge.
The fee in the land for which the action is brought was in Elizabeth Zereher, wife of George Zercher, on the 9th of April, 1828. On that day Zercher and wife executed a deed to John Glass, for a tract of land including the premises in question. The plaintiff’s lessor claims under this deed. Geo, Zercher, the husband, is dead,and his widow is in possession of the land.
Upon the trial, the deed executed by George Zercher and wife was offered in evidence by the plaintiff, and objected to, on the ground that the acknowledgment by the wife was not in compliance with the statute.
If this deed conveyed the title to Glass, judgment is to be entered for the plaintiff; if not, then for the defendant.
*The acknowledgment of the deed reads as follows :
“ Boardman, April 9, 1828.
“ Personally came before me George Zereher, who signs and seals the within instrument, who acknowledges the same to be his free act and deed ; also, Elizabeth, wife of the said George Zercher, and after *366 being examined separate and apart from her husband, did acknowledge the same to be her free act and deed. Before me,
“ Andrew Beggs,
“ Justice of the Peace.”
The act of 1820, under which this deed was executed, provides that where a husband and wife, she being eighteen years old and upwards. shall, within this state execute any deed, mortgage, or other instrument of writing, for the conveyance or incumbrance of the estate of the wife, etc., such deed shall be signed and sealed by the husband and wife ; and the signing and sealing thereof shall be acknowledged by them in the presence of two subscribing witnesses, and also be-acknowledged by them before a judge of the court of Common Pleas or a justice of the peace; and such judge or justice taking such acknowledgment shall examine the wife separate and apart from her husband, and shall read, or otherwise make known to her, the contents of such deed, and if, upon such examination, she shall declare that she voluntarily, and of her own free will and accord, without fear or coercion of her husband, did and now doth acknowledge the signing and sealing thereof, the judge or justice shall certify the same, etc.
This act is similar in its provisions to the acts of 1805 and 1818.
At common law, the wife has no separate legal existence ; it is. merged in that of her husband, who acquires with her person the use and control of her property. She can neither sell nor convey, nor can-she make any binding contract for the disposition of her property.
The husband, having but a life estate in her lands, she can not be divested of the fee without the aid of the statute. And the statute empowering the husband and wife to sell has been *careful to [306-secure her from the coercion and imposition of the husband. It requires the intervention of an officer, who-se duty it shall be to examine the wife separate and apart from her husband, to make known to her the contents of the deed, and ascertain whether she executes the instrument of her own free will and accord, and without any fear or coercion from her husband.
If the steps prescribed by the statute to be pursued by the husband and wife, to convey the wife’s land, be not pursued, the wife is not divested of her estate.
The acknowledgment of this deed does not show that the justice of the peace taking such acknowledgment disclosed, or in any manner made known the contents of this deed to the wife. This deed, then,, did not divest Elizabeth Zereher of her land at the date of its execu *367 tion, but as to her it was a perfect nullity. This point was expressly decided in the case of Connell v. Connell, 6 Ohio, 142. On the 9th day of April, 1828, the deed was a nullity. It deprived Elizabeth Zercher of no right to her land, and conveyed no right in law or in equity, so far as she was concerned, to John Glass. She parted with nothing; the purchaser took nothing ; it was as to her a mere piece of blank paper. Her husband died. This then was her land, in her own control, and under her absolute dominion. That it was hers absolutely, both at law and in equity, up to the date of the healing act of 9th March, 1835, no one denies. Por seven years after the date of this deed, the land belonged to Elizabeth Zercher, How then is it claimed that she has lost it ? Upon the ground that on the 9th of March, 1835, the Legislature passed the following act: “ That any deed, mortgage, or other instrument of writing, heretofore executed in pursuance of law, by husband and wife, for the purpose of conveying or incumbering the estate of the wife, or her right of dower in any lands, tenements, or hereditaments situate in this state, shall be received in evidence in any of the courts of this state, and elsewhere, as conveying or incumbering the estate or interest of the wife, or as releasing her right of dower, although the magistrate taking theacknow 367] edgment *of such deed shall not have certified that he read or made known the contents of such deed, mortgage, or instrument of writing to such wife, before, or at the time she acknowledged the execution thereof.” Swan’s Stat. 269.
Now, was it the intention of this act to make this deed operative to divest Elizabeth Zercher of her land? That act says “ any deed heretofore executed in pursuance of law, and the officer taking the acknowledgment shall not make known the contents,” etc. This deed was not executed in pursuance of law, but in violation of the very law which authorized its execution. We might well suppose that the Lesislature did not intend to make valid any deeds which were not executed in pursuance of law, but designed simply to give this act a prospective operation.
But suppose it was the intention of the Legislature to take away the lands of married women or widows by curing, or rather ereating) nullities into valid deeds, is it such an intention as the courts will carry into execution ?
The land belonged to Elizabeth Zercher at the date of the deed. The pretended deed, as to her, is a nullity. If the act of 1835 deprives her of the land, and. gives it to Good, the lessor of the plaintiff, *368 it may well be asked, which takes it away, the deed, or the act of the Legislature ? The deed did not take it away is admitted. If it be taken away, then, it must be by the act of the Legislature. But, it is replied, it is the act of the Legislature, acting upon the deed, and giving it validity. But the deed is a nullity — nothing. In other language, it would be the act of the Legislature, acting upon nothing. And nothing, then, acted upon by legislative enactment, deprives this woman of her rights. It must be perceived, and it can not be disguised, that, if this woman is thus to be deprived of her land, it is by the pure, simple, naked power of this act itself.
By what authority can the legislature take this woman’s land and give it to another ?
It is the principal object of our political organization to secure each individual in .the enjoyment of his natural rights. And the chief glory of every citizen, however humble or weak, *is to feel, in [368 the omnipotence of constitutional protection, that there is no power under God can deprive him of his property or his rights. That the-government itself, under which he lives, is less than the individual man, except as it acts within the legitimate sphere prescribed by the people who made it. The right of property is coupled with the right of life, since the day that man first ate his bread in the sweat of his-brow. Hence it is declared in the Constitution that the rights of acquiring, possessing, and protecting property are natural, inherent, and inalienable. And there are but three ways known to the constitution by which a man may be dispossessed of his property — by the consent of the owner; when taken for a public use, upon compensation being - made in money ; and by forfeiture for crime.
How, then,- shall this land be taken from Elizabeth Zercher by this act? To-day it is hers absolutely; to-morrow, without her consent, and not taken for a public use, nor forfeited for crime, her land, by the operation of this statute, is transferred to another. Such an operation of this statute is unconstitutional, and contrary to the fundamental principles of all free government, and to this extent void.
But it is claimed that this is a curative statute, and that such have-been recognized and uniformly executed by the courts.
Curative statutes may operate if confined to legitimate objects. If one competent to do the act, attempts to convey a legal estate, and should, by defect in form, transfer an equity only, the Legislature might cure the defect, and convert the equitable into a legal estate, or in better phrase, unite the two. The Legislature may cure the title- *369 to property, but can not create it. But, it is asked, what is the difference between an attempted conveyance by a man and a married woman ? The attempted conveyance by a man may transfer an equity. A married woman being disabled by the law, and only permitted to act as it prescribes in the sale of her lands, unless the statute be pursued, she conveys nothing, either in law. or equity.
It is just the same as though the Legislature should pass a law 369] enacting that all the attempted bargains between man and *man for the sale of property heretofore made, should be valid and binding ; because, in the case of a married woman, an attempt to sell is not a sale. But, it is said, the woman gets the money. The law says the husband gets it. Now, in the case of these attempted bargains, the Legislature would not be curing a bargain, but creating one, which they have not the constitutional power to do.
Acts which transfer no right can never authorize the Legislature, by law, to transfer property. It is said the courts of Pennsylvania have supported laws of this character. It is our duty to keep within the light of our own Constitution, and to know of no authority beyond its letter and spirit.
Judgment must be entered for the defendant.