Caldwell, J.
(orally).
Augustus T. Brownless et al. were the owners of a house and lot in the city of Akron, which property was supplied with water the same as residences generally are, only perhaps in a more limited way than many of them, and the property caught fire and burned down, and they brought this action against the Akron Water Works Company, and ásk to be compensated for the building, claiming that the Water Works Company failed to have a supply of water at the time of the fire, and that while they attempted to use a hydrant that was in the yard, such a hydrant as was used for law-n sprinkling and other purposes, and undertook to use it with a garden hose, and claimed that the hose would have been ample and sufficient to have extinguished the fire at the time that it was sought to be used, yet on account of there being no supply of water and no pressure, they could get no water, and the fire made such headway before any other means could be used, by calling the fire department of the city, that the property was destroyed.
There was some question in this case as to whether or not there was contributory negligence on the part of the plaintiffs below, in the way in which the building took fire, and we think that question was satisfactorily disposed of by the court. It was a question where a jury might have found either way, and we hardly feel justified in saying that *622 the conclusion the jury came to was incorrect. But the main question in this case, and the only one to which I shall devote any time, is whether or not the Water Works Company can be sued by an individual who has lost his property for the want of the ordinary pressure in the pipes, or for any other defect in the system of water works, as contemplated by the city when the water works were put in.
It seems that the city of Akron has a contract with the Water Works Company for supplying water, and among other requirements the city has placed, upon the company in that contract, is that a sufficient quantity of water shall be supplied with a sufficient pressure for the extinguishing of fires.
It is claimed by these parties, the plaintiffs below, that this was a contract made for their benefit; that it was within the contemplation of these negotiations between the Water Works Company and the city that private individuals would use the water in and about their premises, and that the requirements made on behalf of the city, of the Water Works Company, were not merely for the purposes that the city might require, but that those requirements were made and placed in the contract for the benefit of the private consumer of water.
In addition to that, it was claimed before us, that when an individual goes to the office of the Water Works Company and pays his water rent,and the city turns the water on to give him a supply upon his premises, that there is a contract, if not alone a contract with him that they will supply, at least a contract that they wdll comply with the terms of the contract between the Water Works Company and the city, so far as his private premises are concerned; and that in this case, these two contracts taken together, gave the plaintiffs in this case a right of action against the Water Works Company.
Then, upon the trial of this case, the court held and charged the jury that the contract between the city and the *623 Water Works Company,of itself alone, did not make such a -contract that the individual who loses his property can make that the basis of an action against the Water Works Company.
The court further charged, that the doing of certain acts, viz., a private citizen going to the WaterWorks Company’s office, paying the water rent and obtaining a receipt therefor, in and of itself would not form the basis of an action of the individual against the company,' and that neither doing it separately, combined they have not that power.
But the court after thus charging the jury, used this language: “And we leave it to you to say from the evidence submitted to you, taking the location, size and capacity of the pipes leading from the main in the street into plaintiffs’ premises into consideration; that is, the capacity of the pipes leading into the premises of the plaintiffs from the mains in the street, the character of the hydrant on the plaintiffs’ premises, and the manner of getting water from this hydrant into said dwelling house, the size and character of the house included, and the use to which the water had been utilized by the plaintiffs in said premises, whether it was contemplated by the Water Works Company and the plaintiffs, that the company did or did not in fact promise and agree to supply plaintiffs with an adequate supply of water to protect plaintiffs’ said dwelling house from destruction and damage by fire.”
That is equivalent to saying to the jury, “That if you find from all the circumstances surrounding the manner in which the water was put in, the manner in which it was contemplated to be handled upon the premises, the objects and purposes for which the premises were used, if you find from those circumstances that the Water Works Company must have understood when it put the water into these premises that it was. undertaking to protect the premises from fire, that then from that such an implied contract arises between *624 these parties, that this action could be maintained in the court. This is the part of the charge that is complained of. Not because in the abstract it may not be good law. If the Water Works Company of this city should go to some factory,or to any private premises in the city, and place in there an apparatus intended for use in case of fire, and agree to supply the water to such apparatus, and knowing that it was thus intended to be used,and that it would be thus used in case of fire, that there might arise under such circumstances an implied contract between the company and the individual. That is not denied but what that might be good law; but it is claimed that this was error, giving the jury a charge to awTard damages upon the theory here advanced in this charge, when there are no facts placed in evidence before the jury that would warrant the jury in this case to give damages, any more than there would to any and all private dwellings in the city of Akron; and because of the giving of that charge, without facts for the jury to act upon, that it was erroneous and prejudicial to the company.
As to its being prejudicial, it is clear from what I have already stated, that this jury could not have awarded damáges at all, unless it was awarded under this part of the charge. This was an action upon contract, not for negligence, but for a breaeh of contract, and the court held that the only two contracts that were in writing, or that any one could have pretended to have made, the terms of -which were determined and fixed, were the two contracts I have already named; and hence there was no way to have awarded damages under the pleadings in this case, but after the jury had determined that there was an implied contract.
The question as to whether there was any contract, or whether the contract between the city and the Water Works Company, inures to the benefit, of an individual to that extent that he may bring an action in case of loss of his property by reason of the Water Works Company not fully com *625 plying with its contract with the city; whether or not that may be clone, is entirely immaterial in this case, except as determining what the law is if the case shall be re-tried, for no one complains of the charge of the court upon that ground; and as to the duties and obligations of the Water Works Company, by reason of a person paying water rent to the company and having the water turned on to be used upon the-premises —so far as that proposition is concerned, whether it gives a right of action on contract, that was properly determined by the court, and hence is immaterial, except as looking to the future — the way the court charged is not complained of here.
But if the right of action cannot be founded upon either of these, it is very difficult to see how an implied contract can arise between the consumer of water in a dwelling house and the Water Works Company, or between the consumer and the city; because it is pretty thoroughly established by the law that there is no contract relation between these persons by reason of all that has been done; but the argument before the court by counsel, can only be applied to this part of the charge, and that raises this question: Can there, under any circumstances, or did there under the circumstances of this case, arise a contract relation between the plaintiffs who owned the property, and the Water Works Company? We think not.
There is authority upon this proposition both ways. Kentucky stands nearly, if not quite, alone in holding that such a relation does exist that will enable the action to be brought. On the other hand, the courts quite uniformly hold, so far as this matter has been before them, — and there are a large number of states,' — that this relation does not arise; and although this contract is in some measure between the city and the Water Works Company, made for the benefit of the individual, yet it is not every contract that is thus made, that will enable the individual to sue upon it.
*626 We are veil aware tbat this state has held with many other states, that certain kinds of contracts made for the benefit of a third person, may be sued upon by that third person, and the rights and privileges anticipated by the contract to flow to that third person, may be enforced by him in the courts. But there is a limit to those cases, by all the courts except Kentucky, as I have said, in regard to this kind of a case, and there are very many exceptions to that rule, and there are,'we think, good reasons assigned for them.
Another reason is assigned, that a contract of the nature of this, between a city and Water Works Company, is not a compulsory contract on behalf of the city. It is not like a contract where a city is compelled to keep its streets in order, and if it lets the contract to some individuals or some company to keep those streets in order, that -is for the benefit of every person in the community, the entire public, and it is compulsory upon the city as one of the essential things in the very existence of a city or a village, that there be streets.
Then on the other hand, in supplying water to a city, or supplying fire aparatus to extinguish fire, or providing hospitals for the sick and the maimed, and in various other matters of this" class, there is a discretion in the city how far it will go, to what extent it will provide fire apparatus; what kind of fire apparatus, what kind of water supply, what kind of pressure, and it is not compulsory as in the other case, and is not for the benefit of the entire public; it is for the benefit of those who have property in a city; it is for the benefit of those who may consume, but not for every individual, not for every person. And the courts have gone to the extent to say that by reason of this distinction, the latter class of cases falls more under the discretionary powers of a city, and hence into that line of power called the legislative power, and hence that a city cannot be held responsible for what it does when acting in that line; and while act *627 ing, on the other hand, in the other line, they are acting in a compulsory matter where they are obliged to act: and when obliged to act, as one oí the essential acts of the existence of a city, that then' they act on behalf of the entire public, and acting in that way, they are not so much in their legislative capacity, but the more important thing is, how have they fulfilled the duty that they must perform, and the law imposes upon them such duty and such obligation as will protect every individual of the public; and hence a distinction has arisen in which some courts have said that this falls more under the line of legislative power, more under that class, and therefore the city is not liable for those acts. (Wheeler v. The City of Cincinnati, 19 Ohio St. 19: Western College v. City of Cleveland, 12 Ohio St. 373.
Underlying all this, is an element of public good, public necessity. If a city is compelled to make good any loss, by reason of a defective fire apparatus, then no city would dare undertake to extinguish fires, without providing that which is best approved by use generally in fire apparatus, and any defect would make' it liable sometimes for almost the entire town, or for a large block of buildings; it would become so expensive, and all these things would have to be anticipated in looking forward to defraying the expenses of a fire apparatus, that it would be impracticable, almost, for a city to enter into any such enterprise, and yet, an enterprise that is very needful indeed in any city.
The same reasoning is applied by the courts to water works. It may be said, that this is not something the city has to stand, but the Water Works Company; but the same result is reached if the WaterWorks Company must respond to every individual whose property is burned because of some defect in the pipes that might have been cured, or by not having the highest pressure of water that individuals might think there ought to be in the pipes, or the pressure that the contract might,call for, — if the Water Works Com *628 pany must respond to all these damages, then the courts'say the city is responding, for the Water Works Company must take that into consideration in contracting. In other words, the Water Works Company steps in and takes the work of the city off of is hands,and in doing that, it takes the responsibility of the city to the individual, and no farther. As to third persons the company is the agent of the city.
This seems to leave individuals to hardships some times, and it may lead, to acts of negligence on behalf of the Water Works Company that may seem a great hardship. We do not decide but what carelessness may subject the WaterWorks Company to respond in damages,but that case is not before us at all; the question is, how far are they obligated by reason of contract relation.
If what I said thus far as to the holdings of the courts, and as to our believing that it is the true relation between these parties, and the one that recommends itself to our judgment in this case, if that is true, then there is no contract relation by reason of anything that has been done in this case between these parties.
The court undertakes to give an abstract proposition of law to the jury, by which they may determine an implied obligation on the part of this company, and we will not undertake to say in deciding this question, but what such apparatus might be put upon private premises by this company, as would give rise to such an implied contract; but it is unnecessary in this case, for this property was not equipped in any way different, I mean generally different, from any other resident property in the city of Akron; there was simply a little hydrant in the front yard of that size and nature that almost every dwelling house has somewhere, either in the front yard, or coming through the foundations of the house and on the outside where it would be convenient to attach a hose to it for sprinkling purposes,' — it had only this equipment, and of the ordinary size, and found its way *629 into the mains of the city in the way that all such pipes do; it had no different equipment; and if this obligation could arise in this case, then it might arise in all cases in the city, and when we would reach that conclusion, I can see no way of it but to say that it must necessarily arise out of what the parties have done by way of making contracts, or by way of giving receipts and taking rent, and by the contract between the city and the Water Works Company. But the facts in this case were not such as to warrant the court in leaving this proposition to the jury, and there were no facts for the jury to act upon. That being the case, we think that it was an error on behalf of the court in submitting that proposition under the facts of this case, to the jury, and .as we have already said, it is prejudicial, quite so.
Oviutt, Allen & Cobbs, for plaintiff in error.
R. M. Smith, and G. M. Anderson, for defendants in error.
The case must be reversed and remanded for a new trial.